McConnell v. Southside Indep. School Dist. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-016-CV





JOHN S. McCONNELL,



 APPELLANT


vs.





SOUTHSIDE INDEPENDENT SCHOOL DISTRICT;

DAVID S. SMITH, MIGUEL M. FERNANDEZ, SAMMIE KERBY,

JOE L. WEISS, MACK C. STALLCUP, AND GILBERT P. ARREDONDO

IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS

TRUSTEES OF THE SOUTHSIDE INDEPENDENT SCHOOL DISTRICT;

AND JULIAN GONZALES IN HIS OFFICIAL CAPACITY AS

TRUSTEE OF THE SOUTHSIDE INDEPENDENT SCHOOL DISTRICT,


 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL

DISTRICT,


NO. 365,644, HONORABLE F. SCOTT McCOWN, JUDGE



 




PER CURIAM

 The issue in this cause is whether a motion for summary
judgment states specific grounds as required by Texas Rule of Civil
Procedure 166a(c). Appellant John S. McConnell sued appellees
Southside Independent School District; David S. Smith, Miguel M.
Fernandez, Sammie Kerby, Joe L. Weiss, Mack C. Stallcup, Gilbert P.
Arredondo in their individual and official capacities as trustees
of the Southside Independent School District; and Julian Gonzales
in his official capacity as trustee of the Southside Independent
School District. (1) The district court rendered a take-nothing
summary judgment against McConnell from which he appeals by a
single point of error.

 The Southside Independent School District employed
McConnell as a teacher, but the district failed to renew his
contract for the 1983-1984 school year. McConnell appealed to the
district's board of trustees, which denied him any relief. See The
Term Contract Nonrenewal Act, 1981 Tex. Gen. Laws, ch. 765, at 2847
[Tex. Educ. Code §§ 21.201-.211, since amended]. McConnell
appealed the board of trustees' decision to the commissioner of
education and subsequently to the state board of education, arguing
that the failure to grant him a continuance during the hearing
before the board of trustees violated fourteenth amendment due
process guarantees. Both the commissioner of education and the
state board of education denied McConnell's appeals. See id.

 McConnell filed suit in state district court, appealing
the final order of the state board of education and asserting de
novo claims of deprivation of fourteenth amendment due process
guarantees. The state district court dismissed the appeal due to 
McConnell's failure to file an adequate motion for rehearing with
the state board of education. See Administrative Procedure and
Texas Register Act, 1975 Tex. Gen. Laws, ch. 61, § 16(e), at 145
[Tex. Rev. Civ. Stat. art. 6252-13a, § 16(e), since amended]. 
McConnell's de novo claims of deprivation of fourteenth amendment
due process guarantees were removed to federal district court by
appellees, but were subsequently remanded to state court. The
state district court granted appellees' motion for summary
judgment, which is the subject of this appeal.

 In his sole point of error, McConnell alleges that the
state district court erred in granting summary judgment because
appellees' motion for summary judgment did not state the specific
grounds as required by Texas Rule of Civil Procedure 166a(c). Tex.
R. Civ. P. Ann. 166a(c) (Supp. 1991). (2) The motion for summary
judgment is accompanied by a twelve-page brief in support, which
details the grounds for the summary judgment.

 McConnell does not attack the specificity of the brief in
support of the motion for summary judgment, but merely the fact
that the specific grounds are not contained in the motion itself. 
The supreme court has stated that the summary judgment movant must
expressly set out the ground for summary judgment in writing "in
the motion or in an answer or any other response." City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979)
(emphasis original). We hold that Rule 166a allows a summary
judgment movant to set out the specific grounds for summary
judgment in a brief served on all parties contemporaneously with
the motion itself. See Tex. R. Civ. P. Ann. 1 (1979) (rules are to
be given a liberal construction). McConnell's sole point of error
is overruled.

 The judgment of the trial court is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: August 14, 1991

[Publish]
1. McConnell erroneously lists the Central Education Agency
as an appellee. The Central Education Agency is named as a
defendant in McConnell's original petition, but was omitted from
his first amended original petition. The Central Education
Agency, therefore, is no longer a party to this lawsuit. See
Tex. R. Civ. P. Ann. 62, 64, 65 (1979).
2. The motion for summary judgment is as follows:


 Defendants, SOUTHSIDE INDEPENDENT SCHOOL DISTRICT, ET AL.,
in accordance with Rule 166a of the Texas Rules of Civil
Procedure, move this Court for summary judgment in the above
entitled action on the grounds that there are no genuine issues
as to material facts and that these Defendants are entitled to a
judgment dismissing Plaintiff's amended complaint as a matter of
law. The Defendants respectfully request this Court to enter a
summary judgment based on the pleadings on file, this [sic] Brief
in Support, containing the undisputed facts and conclusions of
law as required by the Local Rules, and transcripts, together
with affidavits submitted along with this Motion, or in the
alternative to specify what, if any, facts remain to be
determined.